

**SO ORDERED.**

**SIGNED this 10 day of February, 2010.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| SCOTT ARTHUR WADDELL | 08-02370-8-SWH |
| DEBTOR | |
| | |
| SUNTRUST LEASING CORPORATION | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | H-08-00116-8-AP |
| SCOTT ARTHUR WADDELL | |
| Defendant. | |

### ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT

The matter before the court is the motion to set aside default judgment filed by the defendant, Scott Arthur Waddell. A hearing took place in Raleigh, North Carolina on February 3, 2010.

SunTrust Leasing Corporation filed the complaint in this adversary proceeding on July 18, 2008. A copy of the summons and complaint was served on Mr. Waddell through the U.S. Postal Service on July 23, 2008. Mr. Waddell failed to respond. Shortly thereafter, PST Consultants, Inc. was added to the case as a party and later dismissed pursuant to a stipulation of dismissal. On April

10, 2009, SunTrust filed a motion for default judgment. The court entered a default judgment against Mr. Waddell on April 29, 2009. On August 5, 2009, Mr. Waddell filed a motion to reopen the adversary proceeding, which was granted on August 6, 2009. Mr. Waddell filed the present motion to set aside the default judgment on September 11, 2009.

Mr. Waddell contends that he was unable to defend himself in the proceeding because he was incarcerated from June 2008 to December 2008 and therefore had no knowledge of the proceeding. Danny Bradford, bankruptcy counsel for Mr. Waddell, states that although the dispute was anticipated at the time that Mr. Bradford was retained and that he had accepted fees for representation in the anticipated adversary proceeding, he could not make contact with Mr. Waddell during the period of incarceration, and in turn was unable to prepare an answer. Although Mr. Bradford was in contact with Mr. Waddell's wife and Mr. Waddell's criminal defense attorney concerning the dispute, Mr. Waddell claims that neither his wife nor the defense attorney communicated with him regarding the adversary proceeding. Finally, Mr. Waddell states that he was arrested on charges related to claims in the proceeding, and the charges have since been dismissed with prejudice. It is therefore Mr. Waddell's position that his failure to participate in the proceeding is the result of excusable neglect, and that it would be unfair to allow the judgment to stand given that it was entered while he was incarcerated.

SunTrust contends that although Mr. Waddell claims he did not receive the summons and complaint, he has not challenged the sufficiency of service of the documents. Further, SunTrust asserts that Mr. Waddell pled guilty to criminal charges involving facts related to the present matter, yet he claims that he is not guilty of the fraud alleged here. According to SunTrust, a claim of innocence is insufficient to establish a meritorious defense.

2

A default judgment should be set aside where the "defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States of America v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). A meritorious defense can be established by presenting or proffering "evidence, which, if believed, would permit either the [c]ourt or the jury to find for the defaulting party." Id. In addition, the party seeking relief must show that it has satisfied one of the six subsections of Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 9024 of the Federal Rules of Bankruptcy Procedure. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).

The court finds that Mr. Waddell failed to act with reasonable diligence in attempting to set aside the default judgment. Mr. Waddell has not challenged the sufficiency of service of the summons and complaint, leaving the court to assume service was properly effected. Further, a significant amount of time has passed since Mr. Waddell's release from jail and his present attempt to address the matter. Although Mr. Waddell indicates that he was incarcerated through December 2008, he did not make an appearance in this case until the motion to reopen was filed on August 5, 2009, despite presumably receiving notice of the activity in the case (including the motion for entry of default) until its closure on May 12, 2009.

As to a "meritorious defense," Mr. Waddell asserts that the initial criminal charges against him, which were related to the claims in the adversary proceeding, were dismissed. Subsequent criminal charges were filed, although Mr. Waddell asserts that the charges related to SunTrust were dropped, and the one charge to which he pled guilty does not relate to SunTrust's claims in the adversary proceeding. In addition, Mr. Waddell's counsel acknowledges that his proposed answer is essentially a general denial of the claims raised in the complaint. A claim of innocence, however,

3

is not sufficient to establish a meritorious defense. Beaman v. White (In re White), Case No. 06-00047-8-JRL (Bankr. E.D.N.C. Aug. 1, 2006). In White, the defendant received the summons and complaint, but was incarcerated shortly before the time to respond expired. The defendant alleged that she was unable to respond due to her incarceration, and that she did not receive notice of the motion for default judgment until the day after the hearing. The court found that the defendant failed to establish a meritorious defense, noting that

> [the defendant's] motion to vacate default judgment addresses the reasons for her failure to appear or answer the complaint; however, no evidence is presented that would allow the court to find for the defendant. The only attempt at a defense is a denial of the allegations made in the complaint.

Id. at 4.

Much like the defendant in White, Mr. Waddell has simply offered a claim of innocence and a general denial as his "meritorious defense." No evidence was presented to the court for consideration in light of the allegations raised in the complaint. Mr. Waddell therefore has not raised a meritorious defense to support his request to set aside the judgment.

Even if Mr. Waddell had established reasonable diligence and a meritorious defense, he has not established any reason under Rule 60(b) of the Federal Rules of Civil Procedure that relief should be granted. Mr. Waddell seeks relief primarily as a matter of due process, asserting that he should have the chance to defend himself in the present action. He further asserts that his failure to appear is the result of excusable neglect. The court finds, however, that Mr. Waddell has not established either of these grounds for relief. First, the fact that Mr. Bradford was engaged and paid not only for representation in the bankruptcy case, but also to defend Mr. Waddell in an adversary proceeding shows that a dispute such as the present matter was anticipated. Mr. Waddell therefore should have been more diligent in determining whether the adversary proceeding had been filed.

4

In fact, Mr. Bradford accepted service in a related matter, <u>Lyon v. Waddell (In re Waddell)</u>, Adv. Pro. No. H-08-00118-8-AP, which was initiated on the same day as the present matter. It follows that Mr. Waddell would have learned of the existence of the present proceeding sooner had he made a timely effort to contact Mr. Bradford. Instead, it appears that Mr. Waddell failed to contact Mr. Bradford while incarcerated and continued to neglect his bankruptcy-related legal affairs for a substantial amount of time after his release.

Based on the foregoing, the court finds that Mr. Waddell has failed to establish reasonable diligence, a meritorious defense, or excusable neglect. Accordingly, Mr. Waddell's motion to set aside the default judgment is **DENIED.**

**SO ORDERED.**

**END OF DOCUMENT**